OPINION
{¶ 1} Plaintiff-appellant, State of Ohio ("the state") and appellant, Franklin County Children Services ("FCCS") appeal the July 18, 2005 judgment of the Franklin County Court of Common Pleas, in which that court modified the terms and conditions of the community control sanction that the court had previously imposed upon defendant-appellee, Ronald Thoman ("appellee").
 {¶ 2} This case began on October 7, 2003, when the Franklin County Grand Jury returned a ten-count indictment against appellee, charging him with five counts of unlawful sexual conduct with a minor, in violation of R.C. 2904.04, and five counts of sexual battery, in violation of R.C. 2907.03, all felonies of the third degree. The basis of the indictment was the alleged sexual abuse of appellee's stepson.
 {¶ 3} Appellee filed a motion to suppress statements appellee made to an FCCS intake investigator. Following an evidentiary hearing, on July 28, 2004, the court journalized a decision and entry granting in part and denying in part the motion to suppress. The court ruled that certain of appellee's statements should be suppressed because they were made during custodial interrogation and without the benefit of pre-interrogationMiranda warnings.
 {¶ 4} The state pursued an appeal and this court reversed the trial court's decision, finding that the suppressed statements were not made during custodial interrogation. See State v.Thoman, 10th Dist. No. 04AP-787, 2005-Ohio-898. Following remand, appellee entered an Alford plea to the stipulated lesser included offense of one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04, a felony of the fourth degree. In exchange for his Alford plea, the state recommended that the court enter a nolle prosequi as to the remaining counts of the indictment.
 {¶ 5} On July 8, 2005, the court found appellee guilty of the charge to which he had entered the Alford plea, and sentenced him to three years of intensive supervision of community control on the sexual offender caseload. The court also ordered, as conditions to the imposition of community control, that appellee obtain no new convictions or arrests, and that he obtain a verifiable job or undergo job training as determined by his probation officer. The court also found that appellee is a sexually oriented offender and gave him three days of jail time credit.
 {¶ 6} Ten days later, on July 18, 2005, and apparently with no notice to the parties or an opportunity for a hearing, the court journalized an entry entitled, "Modification to Terms and Conditions of Community Control." Therein, the court stated, "[t]he terms and conditions of [appellee's] community control are hereby modified to order the Franklin County Children's (sic) Services to develop a reunification and visitation plan for the [appellee] to have visitation with his two biological children, Graham and Corbin Thoman. This plan is to be developed and monitored by Franklin County Children's (sic) Services."
 {¶ 7} The state and FCCS pursued separate appeals of the court's sentence modification, which have been consolidated. FCCS advances one assignment of error, as follows:
THE ORDER OF THE TRIAL COURT ORDERING FRANKLIN COUNTY CHILDREN SERVICES TO DEVELOP AND MONITOR A REUNIFICATION AND VISITATION PLAN FOR THE DEFENDANT IS CONTRARY TO LAW AND VOID. THE COMMON PLEAS COURT LACKS AUTHORITY TO MAKE ORDERS TO FRANKLIN COUNTY CHILDREN SERVICES AS A PART OF THE NON-RESIDENTIAL COMMUNITY CONTROL SANCTIONS IMPOSED ON THE DEFENDANT.
 {¶ 8} The state advances two assignments of error, as follows:
FIRST ASSIGNMENT OF ERROR:
THE TRIAL COURT DID NOT HAVE JURISDICTION OVER FRANKLIN COUNTY CHILDREN SERVICES.
SECOND ASSIGNMENT OF ERROR:
THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING REUNIFICATION BETWEEN DEFENDANT AND HIS CHILDREN.
 {¶ 9} FCCS' assignment of error and the state's first assignment of error raise the same issues and will be addressed together. In both of these assignments of error the appealing parties direct our attention to R.C. 2929.17, which enumerates the types of nonresidential community control sanctions that may be imposed upon offenders. That statute provides, in pertinent part:
Nonresidential sanctions include, but are not limited to, the following:
(A) A term of day reporting;
(B) A term of house arrest with electronic monitoring or continuous alcohol monitoring or both electronic monitoring and continuous alcohol monitoring, a term of electronic monitoring or continuous alcohol monitoring without house arrest, or a term of house arrest without electronic monitoring or continuous alcohol monitoring;
(C) A term of community service of up to five hundred hours pursuant to division (B) of section 2951.02 of the Revised Code or, if the court determines that the offender is financially incapable of fulfilling a financial sanction described in section2929.18 of the Revised Code, a term of community service as an alternative to a financial sanction;
(D) A term in a drug treatment program with a level of security for the offender as determined necessary by the court;
(E) A term of intensive probation supervision;
(F) A term of basic probation supervision;
(G) A term of monitored time;
(H) A term of drug and alcohol use monitoring, including random drug testing;
(I) A curfew term;
(J) A requirement that the offender obtain employment;
(K) A requirement that the offender obtain education or training;
(L) Provided the court obtains the prior approval of the victim, a requirement that the offender participate in victim-offender mediation[.]
 {¶ 10} FCCS and the state point out that the plain language of R.C. 2929.17 does not authorize the sentencing court to make orders with which a children services agency must comply, as a condition of an offender's nonresidential community control sanction. Appellee concedes, and we agree, that the trial court did not have the authority to order FCCS to develop and monitor a reunification and visitation plan for appellee and his biological children.
 {¶ 11} R.C. 2929.15 and R.C. 2929.17 give the trial court authority to impose upon offenders certain conditions; but nowhere in the applicable statutes is the court given authority to order parties other than the offender to do any acts as a condition of the offender's community control sanction. Accordingly, we find that when the trial court modified appellee's community control sanction in the manner in which it did, it lacked legal authority to do so.
 {¶ 12} For this reason, FCCS' assignment of error and the state's first assignment of error are sustained. Our disposition of the state's first assignment of error renders its second assignment of error moot.
 {¶ 13} In summary, FCCS' assignment of error and the state's first assignment of error are sustained, the state's second assignment of error is overruled as moot, and the July 18, 2005 judgment of the Franklin County Court of Common Pleas entitled, "Modification to Terms and Conditions of Community Control" is hereby vacated.
July 18, 2005 judgment vacated.
Klatt, P.J., and Bryant, J., concur.